Higinio Romero, peticionario y apelante, *v.* Bacardí Corporation of America, como arrendataria de la Licorería R. Vega e Hijos, Inc., y Borinquen Associates, Inc., demandadas y apeladas.

Núm. 9599.—*Sometido:* Febrero 10, 1948. *Resuelto:* Mayo 7, 1948.

*José M. Valentín Esteves* y *Gustavo L. Marrero Ledesma,* abogados del apelante; *Charles R. Hartzell, Rafael O. Fernández* y *José L. Novas,* abogados de la Bacardí Corporation of America, apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Se trata de una solicitud de *injunction* sobre remoción de estorbos y daños y perjuicios. El peticionario apelante alegó en su demanda que tiene licencia de pescador extendida por el Departamento de Agricultura y Comercio, de fecha de 3 de septiembre de 1940, y mediante la cual tiene establecidos en el caño de Marín Peña sus corrales de pesca, los cuales explota; que por dichos corrales de pesca, su licencia de pescador y de embarcación, así como por sus artefactos de pesca, paga derechos a El Pueblo de Puerto Rico; que el negocio de pesca le producía alrededor de $500 mensuales de ganancia, pero que en los últimos tres años comenzó a decaer la pesca en tal forma que ya para el último año había sido reducida un 97 por ciento; que tal decaimiento se debía a que los requeridos, las corporaciones Bacardí Corporation of America y Borinquen Associates, Inc.,[1] con sus destilerías de ron lanzaban sus desperdicios industriales a través del alcantarillado del Barrio Capetillo, de Río Piedras, hasta el Caño de Martín Peña, ocasionando allí la mortandad de los peces; que este negocio constituía su único medio de subsistencia y por todo ello solicitó la expedición de

[1] El caso continuó y está apelado sólo en cuanto a la primera, o sea, la Bacardí Corporation of America.

un auto de injunction dirigido contra la querellada apelada para que se abstuviese de seguir lanzando los desperdicios industriales por el mencionado alcantarillado y que asimismo se le condenara a pagar los daños causados hasta la fecha de la demanda montantes a $12,000, todo ello de acuerdo con el artículo 277 del Código de Enjuiciamiento Civil de Puerto Rico.

Contestó la demandada negando los hechos esenciales de la demanda y, como defensas especiales alegó, entre otras, que no posee, controla o domina en forma alguna, directa o indirectamente el sistema de alcantarillado aquí aludido, sino que éste es poseído y controlado por el Municipio de Río Piedras en su capacidad gubernativa; que de acuerdo con los términos del artículo 1802 del Código Civil de Puerto Rico, ed. de 1930, está prescrita cualquier reclamación de daños y perjuicios, por hechos ocurridos antes de un año de la radicación de la solicitud en este caso, o sea, antes del 2 de junio de 1943; y que la demanda no aduce hechos constitutivos de una causa de acción.

La corte a quo declaró sin lugar la demanda, tanto en cuanto a la solicitud de injunction como en cuanto a la reclamación de daños y perjuicios, fundándose en el hecho de que el demandante no demostró que poseía suficiente derecho a mantener el negocio de pesca comercial, porque no cumplió con lo dispuesto en la Ley de Pesca de Puerto Rico, Ley núm. 83 de 1936 (pág. 439), según fué enmendada por la Ley núm. 82 de 1943 (pág. 187). La cuestión a resolver se circunscribe a determinar si el demandante apelante tenía suficiente derecho a mantener su negocio de pesca.

La Ley núm. 83 de 1936, según fué enmendada por la núm. 82 de 1943, Leyes de Puerto Rico, dispone que:

"*Artículo 6.—Registro de Pescadores, Embarcaciones y Aparatos de Pesca.*—Ninguna persona podrá dedicarse a la pesca, ni ninguna embarcación, ni ningún aparato de pesca podrá ser dedicado a la pesca en Puerto Rico, *si previamente no se hubiere inscrito en el registro* que al efecto, y de acuerdo con las reglas que dicte el

Comisionado de Agricultura y Comercio, se llevará en las capitanías de cada puerto o en cualquier otra oficina designada por el Comisionado de Agricultura y Comercio; *Disponiéndose,* que antes de verificarse la inscripción en el registro antedicho, en cuanto a las personas o embarcaciones dedicadas a la pesca, deberá obtenerse la correspondiente licencia mediante solicitud hecha por escrito al Capitán de Puerto del distrito correspondiente o a cualquier otra persona debidamente autorizada por el Comisionado de Agricultura y Comercio.'' (Bastardillas nuestras.)

"*Artículo* 11.—*Validez de las Licencias.*—Todas las licencias que en esta Ley se mencionan serán válidas por un año y empezarán a regir el primero de julio de cada año y vencerán el 30 de junio del siguiente año debiendo renovarse anualmente mediante el pago de los derechos correspondientes.''

Para poder dedicarse a la pesca comercial en Puerto Rico la ley arriba mencionada prescribe que la persona interesada deberá obtener una licencia mediante el pago de los derechos enumerados en dicha ley y obtener, además, licencias para usar embarcaciones o artefactos de pesca. Todas ellas son distintas y cada una autoriza a dedicarse a la pesca comercial mediante métodos diferentes. Por ejemplo, para usar una embarcación, hay que obtener una licencia, pero si se desea explotar el negocio de pesca mediante el uso de un corral, hay que obtener otra licencia distinta a aquélla obtenida para pescar con una embarcación.

En este caso el demandante ofreció y fueron admitidas en evidencia varias licencias expedidas por el Comisionado de Agricultura y Comercio, las que mencionamos a continuación:

1. Tres documentos titulados "Licencia de Pescador", autorizando al demandante a pescar con fines comerciales en aguas de Puerto Rico durante los años fiscales 1940–41, 1943–44, 1944–45.

2. Dos documentos titulados "Licencia de Embarcación" autorizando al demandante a usar una embarcación de remos para pescar con fines comerciales durante los años fiscales 1940–41, 1943–44, 1944–45.

3.·Un documento titulado "Licencia de Artefactos de Pesca", certificando que el demandante es dueño de un corral de pesca y que ha cumplido con los requisitos de ley y autorizándole a explotar el negocio de la pesca con fines comerciales en aguas de Puerto Rico con dicho artefacto durante el año fiscal 1940–41.

4. Ofreció, además, en evidencia una carta del Comisionado de Agricultura y Comercio, con fecha 13 de febrero de 1935, concediéndole un permiso para la construcción de un corral destinado a la pesca en el Canal de Martín Peña. Claramente surge, que el demandante apelante no tenía derecho alguno a operar el corral de pesca en el caño de Martín Peña después del año 1941 porque la licencia que para ese efecto obtuvo expiró en dicho año. Como hemos visto, y así lo dispone la Ley núm. 82, supra, dicha licencia era válida por un año solamente. Esta fué expedida en 1940 y por consecuencia y así aparece en la propia licencia que expiró en junio 30, 1941. Si el demandante continuó explotando al mencionado corral lo estaba haciendo, ilegalmente, después de dicho año y no tenía derecho para solicitar un injunction. A este respecto en 32 C. J., pág. 83, sec. 67 se dice que:

"Una corte de equidad no expedirá un injunction el efecto del cual sería en ayuda de una actuación cuya realización sería ilegal o criminal.

En la solicitud se alega que los daños causados al demandante ocurrieron durante los últimos tres años anteriores a la fecha de su radicación. Esta fué hecha en 2 de junio de 1944, así es que los años a que se refiere el demandante son aquéllos comprendidos entre el 1941 y el 1944. Y ya hemos resuelto que durante este período, el demandante no tenía derecho alguno porque la licencia expedida para operar artefactos de pesca, o sea, el corral, había expirado en 1941. Las licencias que para pescar y usar embarcaciones tenía el demandante en la fecha en que se le ocasionaron los daños,

no daban derecho de propiedad alguno al demandante que pudiera ser protegido mediante un injunction como el aquí solicitado. La licencia para establecer un corral de pesca en un sitio determinado, como lo es el Caño de Martín Peña, de haber estado vigente en las fechas que se alegan en la solicitud de injunction, hubiera sido suficiente para justificar la expedición del auto. Por lo tanto, no habiéndose demostrado la existencia de un derecho para solicitar su protección mediante injunction, *procede confirmar la sentencia apelada.*